# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHEIK FRANCIS SMITH-BEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-0502-JMS-TAB |
| | ) |
| A. FINNAN, | ) |
| | ) |
| Respondent. | ) |

# E N T R Y

## I.

This action for habeas corpus relief brought by a state prisoner awaits the submission of additional information to permit the preliminary review required by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* The details of this are set forth in the Entry issued on April 20, 2011.

The foregoing Entry has garnered the following items from the petitioner–

! motion for emergency hearing

! notice of refusal for fraud petition

! declaration for entry of fault

Each of these items is addressed separately in this Entry.

## II.

The petitioner's declaration for entry of fault [7] does not establish, and the record would not support a conclusion that, there is any default in the development of the case. The respondent's obligation to answer the allegations of a petition for writ of habeas corpus is not triggered by either the filing of such a petition or even by service of the petition on the respondent, but only by the court's issuance of an order to show cause. This latter step has not been taken in this case and will not be taken, if at all, except as consistent with the preliminary review pursuant to Rule 4. Any relief the notice of refusal for fraud petition can be understood as seeking is **denied.**

The petitioner's notice of refusal for fraud petition [5] does not identify any error or irregularity in the proceedings. Any relief the notice of refusal for fraud petition can be understood as seeking, including relief consisting of the petitioner's immediate release from incarceration, is **denied.**

The petitioner's motion for emergency hearing [6] is **denied** because there is reason shown in such motion warranting a hearing or any other order at this point. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002)(explaining that an evidentiary hearing is only necessary when a more extensive factual record must be compiled to decide an issue).

**III.**

As referenced in Part I of this Entry, the petitioner was given a period of time in which to supplement his petition for writ of habeas corpus. His filings reveal that he has received the order to supplement the habeas petition, but not that he intends to comply. His compliance with that order, however, is essential. In light of the filings discussed in Part II of this Entry, the petitioner shall have **through June 2, 2011,** in which to supplement his petition for writ of habeas corpus as directed in Part I of the Entry issued on April 20, 2011.

**IT IS SO ORDERED.**

Date: 05/18/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SHEIK FRANCIS SMITH-BEY
DOC #955755
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064